CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 0 4 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JIMMIE L. HUBBARD, | CASE NO. 4:05CV00029 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | By: B. Waugh Crigler U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's November 5, 2003 application for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter REVERSING the Commissioner's final decision denying plaintiff's claim but REMANDING the case for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 58 years old at the time with a sixth grade education, and with past relevant work as a construction laborer and farm helper, claimed to have become disabled on October 24, 2003 because of high blood pressure, a twisted spine and stomach problems, was insured for disability benefits through the date of his decision.

(R. 14, 19.) The Law Judge found that plaintiff suffered a severe mental impairment, which the record disclosed to be mild mental retardation with a Verbal IQ of 68, a Performance IQ of 64 and a Full Scale IQ of 64, but that he suffered no severe physical impairments. (R. 15, 17, 19, 149-154.) The Law Judge further found that plaintiff's mental impairment was not severe enough to meet or equal any listed impairment because the Law Judge did not believe that plaintiff suffered any "additional and significant work-related limitation of function." (R. 17, 19.) Further, the Law Judge determined that plaintiff's allegations regarding his limitations were not totally credible, and that plaintiff possessed the residual functional capacity to lift/carry at least 100 pounds occasionally and 50 pounds frequently and to stand/walk/sit for at least 6 hours in an eight-hour day. The Law Judge found that plaintiff had seriously limited but not precluded abilities for using judgment; functioning independently; understanding, remembering and carrying out complex job instructions; and understanding, remembering, and carrying out detailed, but not complex job instructions. The Law Judge further found that plaintiff has limited but satisfactory abilities for following work rules; relating to coworkers; dealing with the public; interacting with supervisors; dealing with work stresses; maintaining attention and concentration; understanding, remembering and carrying out simple job instructions; relating predictably in social situations; and demonstrating reliability. Finally, the Law Judge found that plaintiff had more than satisfactory abilities for maintaining personal appearance and behaving in an emotionally stable manner. (R. 17-19.) Further observing that plaintiff had worked most of the years during the period between 1966 and 2003, and that plaintiff was not precluded from performing his past relevant work by his mental impairment, the Law Judge found plaintiff not disabled under the Act at the fourth level of the sequential inquiry. (R.18-20.)[1]

---

[1] A vocational expert (VE) was present at the hearing but did not testify. (R. 170-184.)

Case 4:05-cv-00029-JLK-BWC    Document 17    Filed 01/04/06    Page 2 of 6    Pageid#: 77

The Appeals Council determined there was no basis in the record to review or change the Law Judge's decision, and it denied review. (R.5-7.) Thus, the Council adopted the Law Judge's decision as a final decision of the Commissioner, and this action ensued.

Even the evidence obtained by the state agency reveals that plaintiff's past work as a floor buffer, tree trimmer, farm hand and shoe factory worker required a great deal of standing/walking, pushing/pulling, bending/stooping/reaching and further required lifting between 10-25 pounds (farm worker) and 50-100 pounds (floor buffer and tree trimmer) on a regular basis.[2] (R. 99.) The medical evidence reveals that plaintiff had a history of some gastrointestinal difficulties in 2003 and was seen for back pain and degenerative disc disease at an emergency room in 2004. (R.114-123; 124; 143-145.) The medical record shows that plaintiff's chief impairment relates to his intellectual functioning. A psychological evaluation on November 8, 2004 revealed that plaintiff's VIQ was 68, his PIQ was 64 and his FSIQ was 64. (R. 149-154.) The examining psychologist was of the view that plaintiff's testing showed that he would not be reliable in the workplace, could not consistently perform repetitive tasks, and essentially was unable to cope with the stresses of competitive work. (R. 153-154.)

In a report of a consultative physical examination, a state agency physician opined that plaintiff's examination was normal and, essentially, that despite his complaints of back pain and headache, plaintiff was not limited in his ability to perform work-related activities. (R. 125-128.) A state agency record consultant opined that plaintiff could lift/carry between 25 and 50 pounds, could walk/stand/sit for up to 6 hours in a workday, had no limitations on pushing/pulling and had no other postural, manipulative, environmental or communicative limitations. (R. 129-135.)

---

[2]The Law Judge found plaintiff's past relevant work to be construction laborer and farm helper. (R. 18, 19.)

3

Plaintiff seeks summary judgment and has filed a detailed brief in support thereof. ("Pl.'s Brief"). Distilled, plaintiff contends that while the Law Judge acknowledged and relied on portions of the mental evaluation performed by Blanche Williams, Ph.D., at least to the extent he found plaintiff's IQ scores to be as reported, his decision to disregard her further finding that plaintiff was mildly retarded in favor of the Law Judge's own conclusion that plaintiff suffered only a borderline intelligence, was not supported by the substantial evidence. (Pl.'s Brief at 3, 9-10.) In turn, plaintiff believes the Law Judge's rejection of or failure to consider his depression and illiteracy as having any impact on his work-related abilities also cannot be supported by the essentially undisputed medical evidence. (*Id.*)

In the Defendant's Brief In Support of Her Motion For Summary Judgement ("Def.'s Brief") the Commissioner acknowledges plaintiff's functional illiteracy and his IQ scores, but she takes the position that there is a lack of medical documentation to support any conclusion that plaintiff suffers any other severe impairment which would impose additional and significant limitations on his ability to perform work-related activities. In particular, the Commissioner points to the report of a consultative examination by Paul L. Walker, M.D., which states that plaintiff had "a fairly normal physical examination" and the review of plaintiff's clinical and diagnostic test results by a medical record consultant to support her conclusion that plaintiff had no severe physical impairments. (See R. 125-135.)[3] Moreover, the Commissioner does not believe that the psychological evaluation submitted by Blanche Williams, Ph.D., was supported by anything more than "check-box" statements and revealed as much demonstrating plaintiff's ability to function as it did his inability to do so. (Def.'s Brief at 7-8.)

---

[3]The Commissioner points to evidence in the record that would indicate that plaintiff had not been impaired by other claimed conditions, such as a bullet that had been lodged in his back for years. (Def.'s Brief at 7-8.)

4

There is no question that plaintiff's IQ scores satisfy the first prong of the Commissioner's Listings for disability on account of intellectual functioning. 20 C.F.R. §§ 404.1525 and 416.925, Appendix 1, § 12.05C. Further, the medical record relating to plaintiff's physical maladies is sufficiently incomplete to compel reversal of the Commissioner's finding that plaintiff did not establish he suffered significant additional physical maladies which imposed work-related limitations of function as to qualify as a listed impairment under §12.05C. Though plaintiff contends that the Law Judge ignored evidence in the record concerning changes in his spine and the effects of a bullet which remains to this day lodged in his body, the court essentially would have to substitute its judgment for that of the Law Judge and the Commissioner to reach a different conclusion.

By the same token, the undersigned is of the view that there is no credible medical evidence counterveiling the report from plaintiff's psychologist, Blanche Williams, Ph.D., concerning the effects of plaintiff mental condition on his work-related function. The state agency examining and consulting physicians reviewed only plaintiff's physical maladies and their limitations. Thus, there is no expert evidence in the record pertaining to plaintiff's psychological condition which would have permitted the Law Judge to reach a conclusion that plaintiff does not suffer significant additional psychological or mental limitations on his ability to perform work-related activities. In other words, to have reached that conclusion, the Law Judge necessarily was required both to reject uncontroverted psychological evidence offered by plaintiff and exercise an expertise he did not have in order to have reached the conclusion he did about any limitations imposed by plaintiff's mental status.

Of course, this had an impact on plaintiff's claim not only on whether he suffers a listed impairment, but even if not, on whether he is disabled from his past relevant work or any gainful activity at all. The final decision adverse to the plaintiff cannot be sustained. However, the

5

undersigned believes there is good cause to remand the case to the Commissioner for further proceedings in which additional evidence may be adduced, and in which the Commissioner should be required either to state specific bases for rejecting plaintiff's examining evidence in this regard or to grant benefits.

Accordingly, it is RECOMMENDED that an order enter REVERSING the Commissioner's final decision denying benefits, but REMANDING the case to the Commissioner for further proceedings beginning at the third level of the sequential evaluation. The order of remand should provide that if the Commissioner is unable to grant benefits on the current record, she is to recommit the case to a Law Judge to conduct supplemental evidentiary proceedings in which both sides may present additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C.A. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk also is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

1-04-06
Date

6

Case 4:05-cv-00029-JLK-BWC   Document 17   Filed 01/04/06   Page 6 of 6   Pageid#: 81